Paul Celner, by Josephine Celner, his mother and next friend, Plaintiff-Appellant, v. Central Illinois Electric and Gas Company, Defendant-Appellee.

Gen. No. 10,480.

Opinion filed May 16, 1951.

Released for publication June 20, 1951.

GUYER & SMITH, of Rockford, for appellant.

HYER, GILL & BROWN, of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 10, 1948, Paul Celner together with his older brother, was driving along a public road and stopped underneath a large walnut tree for the purpose of gathering walnuts. Paul Celner, a youth of eighteen years of age, told his brother that he would climb the tree and either shake, or knock down some more nuts. He did climb the tree and after a short time when the brother, who remained on the ground, spoke to him, he did not answer. The older brother then looked up into the tree and discovered his brother unconscious, and he then immediately climbed the tree and lowered Paul to the ground. He was immediately taken to a hospital and it was discovered that he had been badly burned, presumably by an electric wire. The line had been erected by, and was the property of the Central Illinois Electric and Gas Company.

On December 21, 1949, Paul Celner, by Josephine Celner, his mother and next friend, started a suit in the circuit court of Winnebago county, against the Central Illinois Electric and Gas Company for damage. They alleged that it was through the negligence of the Electric Company that Paul Celner was injured.

The complaint alleged that the accident happened on what is known as Prairie Road, a macadamized surfaced highway in Winnebago county, Illinois; "That certain walnut trees are, and for many years have been, located along the westerly edge of said Prairie Road at about the boundary line between the right of way of said highway and the property line;

"That on the said 10th day of October, 1948, it was, and had been for many years prior thereto, the custom of various persons, including children, to gather walnuts from said walnut trees growing along said westerly side of said Prairie Road, and in the process of gathering said walnuts, to climb said trees and to shake

312

the same forcing said walnuts to fall for the purpose of gathering same;

"That said defendant, well knowing that people generally gathered walnuts from said trees and climbed the trees for the purpose of gathering the same, became and was obliged to so construct and maintain its transmission wires along the westerly line of said Prairie Road in such manner as not to cause injury to such persons as might be in, on or about said trees, and to use due care and caution to avoid injuring such persons;

"That notwithstanding its duty in that regard, said defendant negligently and carelessly constructed and maintained two transmission wires through one of said trees in such manner that said wires passed northerly and southerly through the branches and foliage of said tree approximately thirty (30) feet above the ground and, to-wit, twenty-five (25) feet below the top of said tree, and negligently and carelessly failed to insulate said wires or to trim the branches, twigs or foliage of said tree away from said wires, and negligently and carelessly failed to so anchor said wires as to prevent them from swaying or moving in said tree and coming in contact with said tree or with persons who might be in said tree; and further negligently and carelessly failed to erect any sign or warning sufficient to warn the public that said wires passed through said tree; and without having taken any precaution for the safety of persons who might be in or upon said tree, said defendant Corporation negligently caused electricity of high voltage, to-wit, 6,900 volts to pass through and be transmitted by said transmission lines so constructed and maintained by said defendant through said tree.

"That on the said 10th day of October, 1948, said plaintiff, Paul Celner, who was a minor of the age of, to-wit, 18 years, climbed said walnut tree for the pur-

313

pose of gathering walnuts then growing thereon; that while in the act of climbing said tree, he either came in contact with said transmission line of said defendant or the electricity transmitted by said line leaked through said tree or some branch or foliage thereof and into the body of said plaintiff; that in consequence of either having come in contact with said line or with some part or portion of said tree through which the electricity from said line was then being transmitted, said plaintiff, as a proximate result thereof, and of one or more of the acts of negligence on the part of said defendant as herein alleged, received great and severe shock and burns and was injured as is hereinafter alleged.

''That at the time of and immediately prior to said injury, said plaintiff was in the exercise of due care and caution for his own safety.'' They further allege as a result of the negligence of the defendant, that Paul Celner received severe burns in and about his body and head and asked damages in the sum of $100,000.

The defendants filed an answer in which they admit that they own the electric line in question, and that the walnut trees were growing along said Prairie Road, but charged that the walnut trees were growing on the inside of the fence of the owner of the adjacent premises, subject however, to the easement of the defendant to erect their poles and wires along said premises. They deny that they had any knowledge that people generally gathered walnuts from the trees in which this accident occurred. They allege that the wires in question were about thirty-five feet above the surface of the ground. They admit that the plaintiff climbed the tree in question, for the purpose of gathering nuts, but state that he acted so without the knowledge, consent or permission of the defendant, and admit that it was while climbing the tree, the plaintiff came in contact with the wire in question. They deny that the plaintiff

was in the exercise of reasonable care and caution for his own safety at the time of the accident in question.

The case was tried before a jury that found the issues in favor of the plaintiff and assessed his damages at $35,000. The defendant entered a motion for a new trial and also a motion for judgment notwithstanding the verdict. The court granted both motions and set aside the verdict of the jury in favor of the plaintiff, and rendered judgment in favor of the defendant and costs of suit against the plaintiff. It is from this judgment that the appeal is perfected to this court.

 The evidence in regard to whether Paul Celner received his injuries and was badly burned is not in dispute. The main question is whether the court erred in setting aside the verdict in favor of the plaintiff, and rendering judgment in favor of the defendant. The questions then before us are: First, is there any evidence to sustain the charge that plaintiff was in the exercise of ordinary and reasonable care for his own safety at the time of the injury, or was the defendant guilty of any negligence that was the proximate cause of his injuries? The law relative to a motion for judgment notwithstanding the verdict is stated in *Merlo v. Public Service Co., of Northern Illinois,* 381 Ill. 300 as follows: ''These motions present only a question of law as to whether, when all of the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to the plaintiffs, there is a total failure or lack of evidence to prove any necessary element of the plaintiffs' case. If there is any evidence tending to sustain every element of the plaintiffs' case necessary to be proved to sustain the cause of action, it is immaterial upon which side the evidence is introduced. No contradictory evidence or other evidence of any kind or character will, in such case, justify a directed verdict or a judgment notwithstanding the

verdict, except uncontradicted evidence of facts consistent with every fact which the evidence for the plaintiff tends to prove, but showing affirmatively a complete defense. (*Nelson v. Stutz Chicago Factory Branch, Inc.,* 341 Ill. 387.) This requires consideration of the evidence, but precludes any examination of the weight of the evidence in order to determine its preponderance. It is wholly immaterial on which side the weight of the evidence preponderates. (*Nelson v. Stutz Chicago Factory Branch, Inc., supra.*) If there is in the record evidence which, standing alone, tends to prove the material allegations of the complaint, a motion for a directed verdict, or for judgment notwithstanding the verdict, should be denied, even though upon the entire record the evidence may preponderate against the party in opposition to such motion, so that a verdict in his favor could not stand when tested by a motion for a new trial.''

 It was the duty of the plaintiff to produce evidence to show that he was free from negligence that proximately contributed to his injuries before he could recover. The evidence shows that Paul Celner was a young man about eighteen and one-half years of age at the time of this accident; that he was a high school graduate and had some experience with electrical appliances, and knew the danger connected with high voltage wires. At the time of the accident in question, he was accompanied by his brother, John, who was thirty years of age; that the Prairie Road and Pelley Road intersect about two and one-half miles southwest of the city of Rockford, Illinois; that the electric line of the defendant extends along the west side of Prairie Road about four feet out from the fence line. The line consists of two wires, one above the other. The upper one carrying the current and the lower one being neutral. The wires are carried on poles thirty-four feet in heighth above the ground level.

316

and at the top an insulator about eight inches high; that about two hundred feet south of the Pelley Road intersection, there are three large walnut trees; that along this road the wires are strung on the poles; that they are plainly visible to anyone passing along the highway. These wires are large copper wires, but not insulated. They are the same wires usually used by an electric company in stringing their lines on country roads; that other people had been in the habit of gathering walnuts along the side of the road from these trees. The tree in question is an extra large walnut tree and this accident happened in the fall of the year after the leaves had been turning from green to yellow. The tree in question is located inside of the fence on the west side of the highway, and the fence is tacked to the tree. It is a wire fence and had been mashed down as if people had been stepping on it, evidently for the purpose of climbing the tree, or gathering nuts. Defendants did not own the land, but had an easement from the owner to erect their poles, and string their wires adjacent to this fence, which was about four feet from the fence line. Paul Celner volunteered to climb the tree for the purpose of shaking down the nuts and after he was in the tree a few minutes, his brother John called to him and received no answer. He called the second time and received no answer, then he began to look around to see where Paul was, and he saw his hand over a limb of the tree and saw him hanging with his head down in the tree. John immediately climbed the tree and released him from where he was hanging and succeeded in getting him down from the tree without further injury. He was immediately taken to a doctor's office and there it was discovered that he had been badly burned. There was a hole burned in his skull, which never has healed and bad burns on his leg. He is still in a deplorable condition.

317

■ In the abstract there is a well reasoned opinion of the trial judge why he set aside the verdict of the jury and rendered judgment in favor of the defendant, and we have come to the same conclusion as the trial judge; namely, that the plaintiff has failed to prove that he was in the exercise of due, diligent and reasonable care for his own safety at the time he received these burns.

■ There is no evidence to show that the defendant had any knowledge that people were in the habit of gathering the walnuts along this road, or that they had any knowledge whatsoever that anybody would climb this tree for the purpose of shaking down walnuts. Their line was constructed in the usual manner and was plainly visible on both sides of the tree, if not under the tree, at the time the accident happened to the plaintiff. From the evidence in this case we think the plaintiff failed to prove any negligence on the part of the defendant that was the proximate cause of plaintiff's injuries.

■ ■ The defendant had the right to erect its transmission lines for the purpose of distributing the electrical current, and it is only required to exercise such care and caution as a person of ordinary prudence might reasonably be expected to exercise in the handling of a silent and dangerous agency under same circumstances, and if they placed their wires in such a position that they will not inflict injury on a person in the exercise of his rights and privileges while he is exercising due care and caution for his own safety, they have fully performed the duty, which the law imposes upon them. *Merlo v. Public Service Co., of Northern Illinois,* 381 Ill. 300. Judging the conduct of the defendant under this rule, it is difficult to understand how they could anticipate a young man with the knowledge of electricity, and the danger connected therewith, would climb a tree at least thirty feet in

the air, and come in contact and be burned by one of the wires on their line. We agree with the trial court that the evidence failed to establish any negligence of the defendant in the erection and maintenance of their electric line in question.

We hold as a matter of law that plaintiff failed to establish the fact that he was in the exercise of due care and caution for his own safety at the time of the accident in question, and also failed to establish that the defendant's negligence was the proximate cause of his injury.

The judgment of the trial court should be and is affirmed.

*Judgment affirmed.*